[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10467

Non-Argument Calendar

_____

LIBERTY ONE FUNDING TRUST,
LIBERTY TWO FUNDING TRUST,
WELLS FARGO BANK N.A.,
WELLS FARGO DELAWARE TRUST COMPANY,

Plaintiffs-Appellants,

*versus*

BRIAN ACHENBACH,
NANCY BELSER,
ANDREW COSTANZA,
ANDREW DARROW,
DAVID DARROW, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05483-MLB

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Liberty One Funding Trust and Liberty Two Funding Trust (collectively, "Liberty"), as well as Wells Fargo Bank N.A. and Wells Fargo Delaware Trust Company (collectively, "Wells Fargo"), appeal from the January 27, 2025, interlocutory order granting in part and denying in part their motions to dismiss the defendants' counterclaims. They stated in their notice of appeal that they were appealing the January 27 order "pursuant to 9 U.S.C. § 16(a)."

A jurisdictional question asked the parties to address whether the January 27 order is final or otherwise immediately appealable. Liberty and Wells Fargo respond that we have jurisdiction under § 16(a) of the Federal Arbitration Act ("FAA") to review the January 27 order to the extent that it rejected their argument that the relevant agreements required that the defendants arbitrate their substantive counterclaims because that rejection was effectively a denial of a motion to compel arbitration. The defendants

25-10467               Opinion of the Court                3

respond that we lack jurisdiction over this appeal because the January 27 order did not deny a motion to compel arbitration and that Liberty and Wells Fargo are judicially estopped from arguing that the FAA controls here.

We lack jurisdiction over this appeal because the January 27 order is neither final nor immediately appealable under the FAA. *See* 28 U.S.C. § 1291; 9 U.S.C. § 16(a); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). The order is not final because it did not end the litigation on the merits. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000). The order is not immediately appealable under the FAA because, even if it could be construed as an order denying a motion to compel arbitration, the portions of Liberty's and Wells Fargo's dismissal motions at issue in this appeal were based on state law, not the FAA. *See* 9 U.S.C. § 16(a)(1)(B); *Hamrick v. Partsfleet, LLC*, 1 F.4th 1337, 1352 (11th Cir. 2021) (holding that § 16(a)(1)(B) does not permit an immediate appeal from an order denying a motion to compel arbitration that is based on state law).

Accordingly, we DISMISS this appeal for lack of jurisdiction.